IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) WILLIAM BURGIN, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 15-CV-000183-GKF-TLW |
| | ) | |
| v. | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
| (1) LIBERTY MUTUAL FIRE INSURANCE | ) | JURY TRIAL DEMANDED |
| COMPANY, a Foreign Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, William Burgin, by and through his attorney of record, Donald E. Smolen, II, and for his cause of action against Liberty Mutual Fire Insurance Company ("Liberty") sets forth and states as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff is a resident of the State of Oklahoma and resides in Tulsa County, Oklahoma, in this judicial district.

2. Defendant Liberty is a foreign corporation doing business in Oklahoma with substantial ties to this judicial district.

3. The acts, occurrences and omissions complained of herein occurred in Pawnee County, Oklahoma, within this judicial district.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000.00 and is between citizens of different states.

5. Venue is appropriate in the Northern District under 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

i

## FACTS COMMON TO ALL CLAIMS

6. Paragraphs 1-5 are incorporated herein by reference.

7. On or about July 17, 2011, Plaintiff was involved in a motor vehicle accident as a result of the negligence of a Pawnee County Deputy Sheriff.

8. This collision resulted in Plaintiff sustaining significant personal injuries, including medical bills in excess of $270,000.00, as well as the untimely death of his son, Carlton Burgin.

9. Damages against the tortfeasor were limited under the Oklahoma Government Tort Claims Act ("GTCA"), 51 O.S. section 151 *et. seq.* to $125,000.00 per person.  As such, the tortfeasor was clearly underinsured.

10. At the time of the accident on July 17, 2011, Plaintiff was a passenger in a 2003 Toyota Camry, owned by Dana and Carlton Burgin, insured by Defendant Liberty, policy number AO2-298-294662-40.  Plaintiff, at all relevant times hereto, was the beneficiary of this contract with Defendant Liberty where the Defendant was to provide underinsured motorist ("UIM") coverage and medical payments ("Med Pay") coverage in accordance with said policy.  Plaintiff specifically made claims for both UIM and Med Pay benefits on July 31, 2011.

11. Defendant Liberty has been allegedly investigating Plaintiff's claims from July 31, 2011 to present.

12. On August 5, 2014, Defendant Liberty made the decision to deny Plaintiff UIM benefits.

13. Contrary to Oklahoma law, said decision was predicated upon Defendant Liberty's conclusion that Plaintiff did not "meet the Insuring Agreement's definition of an 'insured' under Carlton Burgin's policy" and was not "occupying a covered auto under this [Carlton Burgin's] policy".

14. As such, Defendant Liberty failed to tender the underinsured motorist benefits owed to Plaintiff.

15. Defendant Liberty failed to tender any Med Pay benefits prior to the filing of this lawsuit.

16. Defendant was served with Plaintiff's Complaint on April 14, 2015.  On May 12, 2015, an adjustor from Liberty Mutual advised that, despite Plaintiff's unmistakable demand for UIM and Med Pay benefits – made from July 31, 2011 to present – *Defendant had never even opened a Med Pay claim for Plaintiff*.  It was not until after the instant lawsuit was filed and served on Defendant that a Med Pay claim was opened and benefits were tendered.

17. Defendant Liberty knowingly failed to pay Med Pay benefits that were due and owing and failed to open a Med Pay claim for Plaintiff

18. Plaintiff relied on Defendant Liberty to properly handle his claims and make payment on the applicable claims pursuant to the aforementioned insurance policy. Plaintiff has met all of the conditions precedent for payment of claims under the insurance policy.

19. Defendant has unreasonably failed and refused to pay the benefits owed under the insurance policy.

## CAUSES OF ACTION

20. Paragraphs 1-19 are incorporated herein by reference.

21. In its handling of Plaintiff's claims for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant breached the contract and its duty to deal fairly and in good faith towards Plaintiff in the following respects:

   a. Failing to pay Plaintiff the insurance benefits that he was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

3

b.  Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

c.  Refusing to honor Plaintiff's claim without legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

d.  Unreasonably delaying payment of benefits without reasonable basis;

e.  Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

f.  Intentionally and recklessly misapplying the provisions of the insurance policy;

g.  Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

h.  Failing to properly investigate the Plaintiff's claim for benefits;

i.  Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

j.  Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff; and

k.  Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim.

22. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship, all of which are in excess of seventy five thousand dollars ($75,000.00.)

23. Defendant has acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendant for these actions.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendant Liberty and grant him the relief sought including, but not limited to, actual damages in excess of seventy five thousand dollars ($75,000.00), costs, pre-judgment interest, attorney's fees, punitive damages in excess of seventy five thousand dollars ($75,000.00), post-judgment interest and all other relief deemed appropriate by this Court.

Respectfully submitted by,

SMOLEN, SMOLEN & ROYTMAN, PLLC

/s/Donald E. Smolen, II
Donald E. Smolen, II OBA #19944
Laura M. Lauth, OBA #22619
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of July, 2015, I submitted the foregoing document to the Clerk of Court using the ECF System for filing and for transmittal of a Notice of Electronic Filing to the following counsel of record:  William W. O'Connor, Jerrick L. Irby, Lindy H. Collins, and Margo E. Shipley.

<u>/s/Donald E. Smolen, II</u>